UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DANIEL DALE DUSSEAU,

                    Petitioner,                              Case No. 1:13-cv-1150

v.                                                           Honorable Janet T. Neff

CINDI S. CURTIN,

                    Respondent.
_____/

## **OPINION**

          This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C.

§ 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a

preliminary review of the petition to determine whether "it plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be

summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court

has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4

includes those petitions which raise legally frivolous claims, as well as those containing factual

allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir.

1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must

be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Daniel Dale Dusseau presently is incarcerated at the Oaks Correctional Facility. Following his plea of guilty to first degree criminal sexual conduct, MICH. COMP. LAWS §750.520b(1)(b), on September 16, 2011, Petitioner was sentenced to a prison term of 28 to 50 years.

On February 13, 2012, Petitioner, through his counsel, filed a motion to correct invalid sentence, MICH. CT. R. 6.429. Petitioner raised the following issues: (1) Offense Variable (OV) 12 was misscored; (2) the trial court relied on inaccurate information with respect to the potential scoring of OV 5; and (3) lifetime electronic monitoring was not authorized for the conviction offense. Petitioner's motion was denied on February 13, 2012.

Petitioner sought leave to appeal the denial of his motion to correct an invalid sentence to both the Michigan Court of Appeals and the Michigan Supreme Court. By way of a brief filed by counsel, Petitioner raised all of the issues presented in this habeas petition: (1) Defendant is entitled to resentencing because OV 12 of the Sentencing Guidelines was clearly misscored; (2) Defendant is entitled to resentencing because the sentence was clearly premised on inaccurate information and a misapprehension of the law; (3) Defendant is entitled to resentencing because the sentence was a departure above the correct guidelines range and is disproportionate to this offense and this offender; and (4) the trial court was without statutory authority to order that Defendant be subject to lifetime electronic monitoring. On June 11, 2012, the court of appeals denied leave to appeal for lack of merit on the grounds presented. The supreme court denied leave to appeal on October 22, 2012.

In his habeas application, Petitioner raises the four issues presented and rejected by the Michigan courts on collateral review.

## Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

## Discussion

Claims concerning the improper scoring of sentencing guidelines are state-law claims that typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th

Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978).  Moreover, a criminal defendant

has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence

recommendations."  *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord  Lovely v.

Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004).

        Although state law errors generally are not reviewable in a federal habeas proceeding,

an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial

of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'"  *Bowling*

*v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003); *see also Doyle*, 347 F. Supp. 2d at 485 (a habeas court

"will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that

is within state statutory limits unless the sentence is so disproportionate to the crime as to be

completely arbitrary and shocking.") (citation omitted).  A sentence may violate due process if it is

based upon material "misinformation of constitutional magnitude."  *Koras v. Robinson,* 123 F.

App'x 207, 213 (6th Cir. 2005) (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see*

*also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741

(1948).  To prevail on such a claim, the petitioner must show (1) that the information before the

sentencing court was materially false, and (2) that the court relied on the false information in

imposing the sentence.  *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th

Cir. 1984); *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th

Cir. 1988)).

        Petitioner was convicted under MICH. COMP. LAWS § 750.520b(1)(b)(2) based on his

relationship to the victim.  (Pet., docket #1-1, Page ID#22.)  Nevertheless, it was admitted that the

victim was nine years old.  (*Id.* at Page ID#27.)  MICH. COMP. LAWS §750.520b(2) provides, in

pertinent part, that

Criminal sexual conduct in the first degree is a felony punishable as follows:

(a) Except as provided in subdivisions (b) and (c), by imprisonment for life or for any term of years.
(b) For a violation that is committed by an individual 17 years of age or older against an individual less than 13 years of age by imprisonment for life or any term of years, but not less than 25 years.

*  *  *

(d) In addition to any other penalty imposed under subdivision (a) or (b), the court shall sentence the defendant to lifetime electronic monitoring under section 520n.[1]

Petitioner's sentence of 28 to 50 years for first-degree criminal sexual conduct and

lifetime electronic monitoring is not so disproportionate to the crime as to be arbitrary or shocking.

*Doyle*, 347 F. Supp. 2d at 485. Moreover, for the reasons set forth below, the Court finds that the

state court's rejection of Petitioner's sentence scoring claims was not based on an unreasonable

determination of the facts and was neither contrary to nor an unreasonable application of established

Supreme Court precedent. 28 U.S.C. § 2254(d).

**A.  Offense Variable 12**

Petitioner claims that the state court improperly scored his sentence guidelines range

under the Michigan sentencing guidelines by incorrectly counting multiple criminal sexual

penetrations more than once when it scored OV 12. Specifically, Petitioner claims that

> The information charged Petitioner with four counts of first-degree criminal sexual conduct, and Petitioner pled guilty to an additional count of first-degree criminal sexual conduct in exchange for the original four to be dismissed. At most there were five penetrations, one of which Petitioner was sentenced for, OV 11 provides for the scoring of multiple criminal sexual penetrations was correctly scored at 50 points for two penetrations. Those two penetrations cannot again be used to score OV 12. The instructions for

---

[1]Section 520n provides, in pertinent part, that "[a] person convicted under section 520b for criminal sexual conduct committed by an individual 17 years or older against an individual less than 13 years of age shall be sentenced to lifetime electronic monitoring . . . ."

scoring OV 12 also preclude the use of the offense that resulted in conviction. Because there were, at most, five penetrations, and two of those penetrations were used to score OV 11, and one penetration was the sentencing offense, the trial court erred in scoring OV 12 at 25 points for three penetrations. Rather, OV 12 should have been scored at 10- points.

(Pet., docket #1, Page ID#5.) The circuit court rejected this claim stating

> I sentenced Mr. Dusseau on September 16th. As to OV 12, there were essentially five separate criminal sexual penetrations of this nine-year-old. The Second Degree Criminal Sexual Conduct Offense was committed during the underlying multiple penetrations, which is the supporting benefit to the OV 12, number of contemporaneous felonious criminal acts.
>
> OV 12 talks of 25 points being scored for three or more contemporaneous felonious acts involving crimes against a person. Those acts having been committed within a 24-hour period of the sentencing offense, and not separate convictions as might be addressed in OV 11.
>
> Defendant did commit at least four additional contemporaneous felonious acts involving crimes against a person that were not counted in OV 11 and not resulting in any separate conviction.
>
> I find that OV 12 was properly scored at 25 points.

(Pet., docket #1-1, Page ID#25.)

Petitioner does not identify any facts found by the court at sentencing that were either materially false or based on false information. Indeed, Petitioner does not argue that the court's decision was based on false information. *Tucker*, 404 U.S. at 447. Petitioner and the state court agree on the underlying predicate fact: there were five separate criminal sexual penetrations. The disagreement lies in how the multiple penetrations were used when scoring OV 12. In the absence of any factual errors, Petitioner cannot demonstrate that his sentence violated due process. *See United States v. Lanning*, 633 F.3d 469, 477 (6th Cir. 2011) (rejecting due process claim where the petitioner failed to point to specific inaccurate information relied upon by the court); *Yates v. Romanowski*, No. 5:12-CV-10731, 2013 WL 1664562, at *5 (E.D. Mich. Apr. 17, 2013) (concluding

that when a petitioner fails to demonstrate that the sentencing court relied upon materially false information in imposing the sentence, the due process claim is without merit. (citing *Thomas v. Foltz,* 654 F. Supp. 105, 108 (E.D. Mich. 1987)).

Instead, Petitioner's argument that the state court erred in scoring his sentencing guidelines is based solely on the state court's interpretation of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). "[A] claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review." *Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *see also Pugh v. Klee*, No. 2:11-CV-10904, 2013 WL 4718340, at *2 (E.D. Mich. Sept. 3, 2013); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich.1999); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987). Consequently, habeas corpus relief is not available for this claim.

### B.  Disproportionate Sentence

Petitioner claims that his due process rights were violated because the trial court premised Petitioner's sentence on inaccurate information and a misapprehension of the law. Additionally, Petitioner contends that his due process rights were violated because the trial court's sentence was a substantial departure above the guidelines range and was disproportionate to his offense.  With respect to his claim that the trial court used inaccurate information and misapprehended the law, Petitioner claims that

> The prosecutor filed a Sentencing Memorandum and argued for a departure
> from the guidelines, in part because OV 5 was statutorily inapplicable, but
> if scored on the basis of the three family members who suffered

psychological harm necessitating professional treatment, it would add 45 points to the offense variable total, and an extrapolated guidelines range would be 202 to 337 months. The prosecution argued orally that if OV 5 could have been scored, a score of 45 points would have been appropriate. The trial court adopted the reasoning of the prosecutor's position and sentenced Petitioner to 28 years (336 months) to 50 years . . . OV 5 provides for the scoring of psychological harm requiring professional treatment that occurred to a victim's family member and may only be scored in cases of homicide, attempted homicide, conspiracy or solicitation to commit homicide or assault with intent to commit murder. MCL 777.35. In cases where it is applicable, a maximum of 15 points is all that may be scored. MCL 777.35. There is no instruction allowing the scoring of more than 15 points for OV 5 even where applicable. What the trial court failed to identify was that the maximum possible score for the OV 5 was 15 points, but rather, the trial court reiterated that she used OV 5 to justify and explain her sentence. The trial court was materially misled by the argument that 45 points was appropriate if OV 5 would have been scored, and the trial court clearly relied on inaccurate information and misapprehension of the law.

(Pet., docket #1, Page ID#7-8.) Additionally, Petitioner claims that the addition of 45 points to the

offense variable total which resulted in a sentence of 28 to 50 years was "extremely disproportionate

for this particular offense." The circuit court rejected these claims stating

I find that . . . I cannot adequately cover the element or the essence of the profound psychological effect this crime had on this child, nor all the people surrounding her, including other members of the defendant's family. Forty-five points, had I measured them all up, probably would have stood shy. OV 5 was not allowed because we weren't dealing with a homicide offense. I think we're all very clear about that. It's my use of OV 5 to justify and explain my sense of injustice and to describe how my attention had been irresistibly grabbed by probably every person . . . The variable could not be scored and was really used to explain to any that might question the effect that it had on the Court, and the effect I believe it had on this child and the whole community. And, therefore, I continue to resort to OV 5 for the purpose of describing how the Offense Variables do not, in and of themselves take into consideration all the factors that I found necessary for review when sentencing in this case.

(Pet., docket #1-1, Page ID#26.)

Once again, Petitioner does not identify any facts found by the court at sentencing that were either materially false or based on false information. Petitioner claims that the court relied on inaccurate information and misapprehended the law when it adopted the prosecutors argument that 45 points would have been an appropriate score if OV 5 were allowed to be considered in this case. In ruling on Plaintiff's motion to correct invalid sentence, the judge made clear however, that she looked to OV 5 "for the purpose of describing how the Offense Variables do not . . . take into consideration all the factors that [she] found necessary for review when sentencing in this case." (*Id.*) It is entirely irrelevant that OV 5 allows a maximum of 15 points. The court could not, and did not, use OV 5 to enhance Petitioner's sentence because OV 5 was not applicable in this case. The court mentioned OV 5 merely to explain that, unlike in homicide-type cases, when sentencing in first degree criminal sexual conduct cases, the court cannot look to a specific offense variable that allows it to consider the psychological impact of the crime on the victim and others close to the victim. Nevertheless, when considering the psychological impact of Petitioner's offense on the victim, the victim's family and even the Petitioner's family, the court determined that adding 45 points to the offense variable total was appropriate.

The maximum penalty for first-degree criminal sexual conduct is life imprisonment. *See* MICH. COMP. LAWS § 750.520b(2). Although Petitioner's sentence may exceed the recommended guideline range, it neither exceeds the statutory limit, nor is it wholly unauthorized by law. As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000) (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)).

Additionally, to the extent Petitioner argues that his sentence was disproportionate, he fails to raise a cognizable habeas claim. In *People v. Milbourn*, 461 N.W.2d. 1 (Mich. 1990), the Michigan Supreme Court held that a sentencing court must exercise its discretion within the bounds of Michigan's legislatively prescribed sentence range and pursuant to the intent of Michigan's legislative scheme of dispensing punishment according to the nature of the offense and the background of the offender. *Milbourn*, 461 N.W.2d at 9-10; *People v. Babcock*, 666 N.W.2d 231, 236 (Mich. 2003). It is plain that *Milbourn* was decided under state, not federal, principles. *See Lunsford v. Hofbauer*, No. 94-2128, 1995 WL 236677, at *2 (6th Cir. Apr. 21, 1995); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). As previously discussed, a federal court may grant habeas relief solely on the basis of federal law and has no power to intervene on the basis of a perceived error of state law. *See Wilson*, 131 S. Ct. at 14; *Bradshaw v. Richey*, 546 U.S. at 76; *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Thus, Petitioner's claim that the circuit court's addition of 45 points to his offense variable total resulted in a disproportionate sentence is not cognizable in a habeas corpus action.

Moreover, to the extent Petitioner claims that his sentence was disproportionate under the Eighth Amendment, such a claim is without merit. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*,

445 U.S. 263, 285 (1980)). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d at 302 (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Further, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence falls within the maximum penalty under state law. Petitioner's sentence therefore does not present the extraordinary case that runs afoul of the Eighth Amendment's ban of cruel and unusual punishment.

### C. Lifetime Electronic Monitoring

Petitioner claims that his due process rights were violated because the trial court did not have statutory authority to require that he be subjected to lifetime electronic monitoring. Specifically, Petitioner claims that

> Because lifetime electronic monitoring is a penalty and part of the sentence, it can only be imposed when it is authorized for the offense of conviction. Petitioner was not convicted of first degree criminal sexual conduct, person under 13, but rather, Petitioner was convicted of first degree criminal sexual conduct (relationship), and as such the trial court did not have the statutory authority to sentence Petitioner to lifetime electronic monitoring.

(Pet., docket #1, Page ID#13). The circuit court rejected this claim stating

> The litany of cases that I found and a review of the statute provide for the implementation of lifetime electronic monitoring of persons as described and the defendant in this particular case. I looked at them very closely, but find that the statute does call for the implementation of a system monitoring Mr. Dusseau's release from parole, prison, or both parole and prison, and continue my sentence to lifetime electronic monitoring.
>
> This victim was nine years old. I believe that the statute calls for mandatory monitoring.

(*Id.* at Page ID#27).  Petitioner again fails to state a due process violation.  He does not identify any facts found by the court at sentencing that were either materially false or based on false information. Rather, Petitioner claims that the state court misapplied a state statute.  Such a claim is not cognizable in a habeas corpus action.  *See Bradshaw v. Richey*, 546 U.S. at 76 ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."); *Mullaney v. Wilbur*, 421 U.S. at 691 ("[S]tate courts are the ultimate expositors of state law.").

For all these reasons, the state court's rejection of Petitioner's claims was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent.  28 U.S.C. § 2254(d).

### Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v.*

*Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated:   December 6, 2013          /s/ Janet T. Neff
                                   Janet T. Neff
                                   United States District Judge